UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM E. PATTERSON, | ) No. ED CV 05-00531-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff'S first issue is that the ALJ did not give proper

weight to the opinion of the "treating physician." Specifically, Plaintiff asserts that his "treating physician," Samuel Wilson, completed a Diabetes Mellitus Residual Function Capacity Questionnaire on March 1, 2004 (AR 413-417) which was rejected by the ALJ for incorrect reasons. Specifically, as Plaintiff notes, the ALJ's decision finds Dr. Wilson's assessment to be not credible because, while the assessment was made in March 2004, by December 2004, Plaintiff was working on a full-time basis, standing for six to nine hours during a ten-hour workday, and lifting 30 to 40 pounds on a regular basis, all of which was inconsistent with Dr. Wilson's evaluation. (AR at 16.)

While Plaintiff contends that Dr. Wilson is his treating physician, the record does not so indicate, and the law does not support this characterization. See Benton v. Barnhart, 331 F.3d 1030 (9th Cir. 2003); 20 C.F.R. §404.1502. Dr. Wilson completed a questionnaire provided to him by Plaintiff's present counsel; however, there is no indication whatsoever in the questionnaire itself that Dr. Wilson has ever examined, much less treated, Plaintiff. Moreover, the Court has carefully reviewed the record, but finds no mention of Dr. Wilson anywhere else. Further, at the hearing, the ALJ asked Plaintiff whether he was seeing any doctors at the present time, and Plaintiff identified "Dr. Brand (phonetic), at the King (phonetic) Medical Group in [inaudible]." (AR 426.) It would appear that Plaintiff was referring to his treatment at the Keen Medical Group; indeed, treatment documents from that Group appear in the record, dating from October 6, 2003 through February 12, 2004 (AR 410-412) and the period February 17, 2000 through September 15, 2003 (AR 158-216). Dr. Wilson's name appears in none of these records. Moreover, nothing

2

in Dr. Wilson's questionnaire indicates that he reviewed any medical records before providing his evaluation.  Although Dr. Wilson's address on the questionnaire is the same as that of the Keen Medical Group (see AR at 158), there is no indication in the Keen Group records that Dr. Wilson either treated Plaintiff, was a member of any treatment team, or supervised any treatment team or sources.  For these reasons, it is doubtful that Dr. Wilson may be considered a treating source.  See Benton v. Barnhart, 331 F.3d 1030 (9th Cir. 2003); 20 C.F.R. §404.1502.

Even if Plaintiff is given the benefit of the doubt, and Dr. Wilson is deemed a treating source, the ALJ's rejection of his questionnaire opinion would still be justified.  Dr. Wilson's assessment of Plaintiff's functional abilities is in direct contrast to the requirements of Plaintiff's employment, which he assumed only a few months later.  As Plaintiff testified at the hearing, he had been working for about three weeks as a forklift operator. (AR 421.) The ALJ correctly noted that the forklift operator job had exertional requirements which far exceeded Dr. Wilson's assessment of Plaintiff's functional abilities.  Plaintiff strenuously argues that the ALJ's opinion should not stand up because Dr. Wilson's questionnaire opinion predated Plaintiff's employment; however, this is only a factor in the credibility assessment.  Dr. Wilson assessed Plaintiff's prognosis as "stable" which would imply no readily foreseeable improvement in the limitations which were assessed. (AR 413.)  There is no evidence in the record which would demonstrate that if, indeed, Plaintiff's condition at the time of Dr. Wilson's assessment were as stated, he then improved to the point of being able to assume strenuous work several months later.  To the contrary, Plaintiff asserted that he was

1 | continuously disabled since the alleged onset date of May 15, 2003.
2 | (AR 149, 153, 425.)
3 |     For the foregoing reasons, the Court declines to assess error on
4 | the basis that Dr. Wilson's opinion was improperly discredited.
5 |     Plaintiff's second issue is that the ALJ did not make proper
6 | credibility findings. In fact, the ALJ found Plaintiff's subjective
7 | allegations to be "generally credible." (AR 17.) The residual
8 | functional capacity ("RFC") assessment made by the ALJ (see AR at 19,
9 | Finding 5) is not inconsistent with Plaintiff's own testimony (AR 425,
10 | 429), and the assessment of Plaintiff's wife, as set forth in a letter
11 | she wrote to the ALJ. (AR 156.) In essence, Plaintiff does not
12 | highlight any testimony which would support greater restrictions in
13 | his functional abilities than those found by the ALJ. Therefore, the
14 | ALJ's conclusion that Plaintiff was generally credible is well-
15 | supported by the record, and for that reason, Plaintiff is not
16 | entitled to summary judgment based on the second issue.
17 |     For the foregoing reasons, Plaintiff's Motion for Summary
18 | Judgment is denied, the Commissioner's Cross-Motion for Summary
19 | Judgment is granted, and the matter will be dismissed with prejudice.
20 | **IT IS SO ORDERED.**

DATED: March 24, 2006

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

4